IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-HC-02140-M

| | |
|---|---|
| CHARLES EDGAR PRATT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Respondent. ) | **ORDER** |

On June 29, 2021, Charles Edgar Pratt ("petitioner"), a state inmate, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. [D.E. 1]. On February 25, 2022, the court allowed the action to proceed. Order [D.E. 4]. On March 7, 2022, petitioner appealed the court's interlocutory order. See [D.E. 7, 8]. On April 6, 2022, respondent answered the petition [D.E. 10], moved for summary judgment, Mot. [D.E. 11], and filed a statement of material facts [D.E. 12], an appendix [D.E. 13], and a memorandum in support [D.E. 14]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about respondent's motion, the consequences of failing to respond, and the response deadline [D.E. 15]. On April 28, 2022, petitioner filed a self-styled "motion: reduction of sentencing. Proof of witness being unreliable." Mot. [D.E. 16] (asserting he had methadone pills, not opium, and a trial witness was unreliable). Petitioner, however, did not otherwise respond to respondent's pending motion.

Background:

Petitioner's crime of conviction was described as follows on direct appeal:

Defendant was arrested on 7 August 2015 by the Onslow County Sheriff's Office on suspicion of drug trafficking. On 14 February 2017, Defendant was indicted by an Onslow County grand jury on the following charges: (1) trafficking in more than four but less than 14 grams of opium by manufacturing, in violation of N.C. Gen.

Stat. § 90-95(h)(4); (2) trafficking in more than four but less than 14 grams of opium by transport, in violation of N.C. Gen. Stat. § 90-95(h)(4); (3) trafficking in more than four but less than 14 grams of opium by possession, in violation of N.C. Gen. Stat. § 90-95(h)(4); and (4) possession with intent to sell and deliver methadone, in violation of N.C. Gen. Stat. § 90-95(a)(1). Defendant pled not guilty on all counts, and gave notice that he would seek to assert the affirmative defense of entrapment.

The matter came on for trial on 30 April 2018. At the close of State's evidence, Defendant moved to dismiss the trafficking by manufacturing count, which the State joined and the trial court allowed. At the charge conference, Defendant requested that the jury be instructed on entrapment, and the State objected. The trial court denied Defendant's request, stating that Defendant "failed to show that he was not otherwise willing to" commit the crimes with which he was charged.

On 2 May 2018, Defendant was convicted on the trafficking by transport, trafficking by possession, and possession with intent to sell and/or deliver counts. The trial court entered judgment upon the convictions the same day, and sentenced Defendant to 70 to 93 months' imprisonment. The trial court also imposed court costs and fines of $51,072.50 and stated that Defendant would be required to reimburse the State for the costs of his defense "in an amount to be determined[,]" which the trial court ordered Defendant's trial counsel to calculate and submit an application for the next day. Defendant gave notice of appeal in open court.

Defendant's trial counsel filed a fee application with the trial court later that day, and on 4 May 2018, the trial court entered a civil judgment against Defendant for $3,300 of attorney's fees.

State v. Pratt, 270 N.C. App. 363, 364–65, 840 S.E.2d 875, 876–77 (2020); see also Resp't App., Ex. 1–3 [D.E. 13-1, 13-2, 13-3] (Trial Tr. Volumes 1, 2, 3).

Petitioner directly appealed. See id., Ex. 4 [D.E. 13-4] (R. on appeal), Ex. 5 [D.E. 13-5] (Pet'r's appellate Br.), Ex. 6 [D.E. 13-6] (Pet'r's Pet. for writ of Cert. in the N.C. Court of Appeals as to the civil judgment for attorney's fees), Ex. 7 [D.E. 13-7] (State's Mot. to dismiss as to the civil judgment for attorney's fees), Ex. 8 [D.E. 13-8] (State's appellate Br.)

On 3 March 2020, the North Carolina Court of Appeals found no error in, and affirmed, petitioner's criminal judgment, but vacated and remanded to the trial court for a new hearing as to the civil judgment for attorney's fees. See Pratt, 270 N.C. App. at 371, 840 S.E.2d at 880; Resp't

App., Ex. 9 [D.E. 13-9] (printout of the N.C. Court of Appeals Opinion). Petitioner, however, did not file a petition for discretionary review in the North Carolina Supreme Court.

On or about January 8, 2021, petitioner filed a Motion for Appropriate Relief ("MAR") in Onslow County Superior Court. Resp't App., Ex. 10 [D.E. 13-10].

On May 11, 2021, the MAR court summarily denied petitioner's MAR without an evidentiary hearing. Id., Ex. 11 [D.E. 13-11]. Petitioner, however, did not seek appellate review of this order by filing a petition for writ of certiorari in the North Carolina Court of Appeals.

On July 29, 2021, petitioner filed *pro se* the instant federal habeas petition. Pet. [D.E. 1].

Legal Standard:

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless

3

(1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see also White v. Woodall, 572 U.S. 415, 419–427 (2014).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc), cert. denied, 534 U.S. 830 (2001).

Courts apply a highly deferential standard of review under 28 U.S.C. § 2254(d) and (e). Dunn v. Madison, 138 S. Ct. 9, 11 (2017) (per curiam), reh'g denied, 138 S. Ct. 726 (2018); Cullen v. Pinholster, 563 U.S. 170, 181 (2011). "A habeas petitioner meets this demanding standard only when he shows that the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Madison, 138 S. Ct. at 11 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). Unless rebutted by clear and convincing evidence, a state court's factual findings are presumed correct. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

4

Discussion:

Absent a valid excuse, a state prisoner must exhaust all available state-court remedies before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (noting the exhaustion doctrine is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). A habeas petitioner bears the burden of proving a claim was exhausted. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994), cert. denied, 513 U.S. 1047 (1994).

A North Carolina prisoner exhausts state-court remedies either by directly appealing a conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing an MAR and then petitioning the North Carolina Court of Appeals for a writ of certiorari. N.C. Gen. Stat. §§ 7A-31,15A-1415, 15A-1422.

Here, petitioner neither petitioned the North Carolina Supreme Court for discretionary review on direct appeal nor petitioned the North Carolina Court of Appeals for a writ of certiorari as to his MAR. In short, petitioner fails to bear his burden of proving he exhausted his available state-court remedies prior to filing the instant petition, and the court discerns no valid excuse for this failure. See 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 845; Mallory, 27 F.3d at 994.

Because the court dismisses the action without prejudice for failure to exhaust, the court need not address respondent's other arguments or petitioner's motion seeking a sentence reduction.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5

## Conclusion:

For the reasons discussed above, the court: GRANTS respondent's motion for summary judgment [D.E. 11]; DISMISSES WITHOUT PREJUDICE the instant habeas petition for failure to exhaust available state-court remedies; DENIES a Certificate of Appealability; DENIES AS MOOT petitioner's pending motion [D.E. 16]; and DIRECTS the clerk to close the case.

SO ORDERED. This 27th day of September 2022.

RICHARD E. MYERS II
Chief United States District Judge